OPINION *Page 2 
{¶ 1} Defendant-Appellant, Gerald K. Smith, appeals the judgment of the Allen County Court of Common Pleas, denying his motion to dismiss court costs. On appeal, Smith asserts that the trial court erred in denying his motion to dismiss court costs. Finding that the trial court did not err in denying Smith's motion to dismiss court costs, we affirm the judgment of the trial court.
 {¶ 2} In May 1997, the Allen County Grand Jury indicted Smith on one count of aggravated robbery in violation of R.C 2911.01(A)(1), a felony of the first degree, and one count of aggravated murder in violation of R.C. 2903.01(B), an unspecified felony. Both counts also contained a firearm specification pursuant to R.C. 2941.145(A). Subsequently, Smith entered a plea of not guilty to both counts of the indictment.
 {¶ 3} In August 1997, following a jury trial, Smith was convicted of both counts and firearm specifications as charged in the indictment. Thereafter, the trial court sentenced Smith to a life sentence on the aggravated murder conviction, with parole eligibility after twenty years, to be served consecutive to a three-year prison term for the firearm specification. The trial court also sentenced Smith to a ten-year prison term on the aggravated robbery conviction, to be served consecutive to a three-year term for the firearm specification but concurrent to the *Page 3 
aggravated murder conviction. Additionally, the trial court ordered Smith to pay court costs, to which Smith did not object.
 {¶ 4} In May 1998, we affirmed Smith's conviction and sentence. SeeState v. Smith (1998), 3d Dist. No. 1-97-71, 1998 WL 262799. Smith did not raise the issue of court costs on appeal.
 {¶ 5} In December 1998, Smith moved to vacate or set aside court costs based on his indigence, which the trial court overruled. In doing so, the trial court noted that, while Smith was indigent at the time, he may be able to pay in the future and that no action would be taken to collect payment of court costs at that time.
 {¶ 6} In March 2007, Smith filed a motion to dismiss court costs, which the trial court summarily denied.
 {¶ 7} It is from this judgment that Smith appeals, presenting the following assignment of error for our review.
THE TRIAL COURT COMMITTED AN ERROR OF LAW IN DENYING THE MOTION TODISMISS COURT COST (SIC.)
 {¶ 8} In his sole assignment of error, Smith asserts that the trial court erred in denying his motion to dismiss court costs. Specifically, Smith contends that, while court costs may be imposed upon indigent defendants, such costs can only be collected from non-indigent defendants. Alternatively, Smith urges us to order a hearing under R.C.2929.18 to determine his future ability to pay. *Page 4 
 {¶ 9} R.C. 2947.23 governs imposition of court costs and provides, in pertinent part:
 In all criminal cases, * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs.
R.C. 2947.23(A)(1). Thus, the plain language of the statute requires a court to impose court costs upon all convicted criminal defendants, regardless of financial status. State v. White, 103 Ohio St.3d 580,2004-Ohio-5989, ¶ 8. Contrary to Smith's assertion, not only is a trial court authorized to assess court costs against an indigent defendant, but also it may collect those costs from an indigent defendant. Id. at ¶ 14; State v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905, ¶ 10. Moreover, while R.C. 2949.092 authorizes a trial court to waive payment of court costs for indigent defendants under certain circumstances, it is not required to do so. White, 103 Ohio St.3d at ¶¶ 8, 14. However, an indigent defendant must move to waive payment of court costs "at the time of sentencing. * * * Otherwise, the issue is waived and costs are res judicata." Threatt, 108 Ohio St.3d at ¶ 23.
 {¶ 10} Here, Smith failed to move for a waiver of payment of court costs at sentencing, failed to raise the issue on appeal, first raised it in December 1998 and was denied, and did not raise it again until March 2007, nearly ten years after the appropriate time to do so had passed. Consequently, Smith waived the issue of payment of court costs and was barred from raising it again under the doctrine of *Page 5 
res judicata. Threatt, 108 Ohio St.3d at ¶ 23. Therefore, we find that the trial court did not err in denying Smith's motion to dismiss court costs.
 {¶ 11} Additionally, we note that Smith's alternative request for a hearing pursuant to R.C. 2929.18(E) is misplaced. R.C. 2929.18 pertains to imposition of financial sanctions — not court costs — and allows a trial court to hold a hearing, if necessary, to determine an offender's present and future ability to pay such financial sanctions. Given the trial court only imposed court costs upon Smith, R.C. 2929.18 is inapplicable here.
 {¶ 12} Accordingly, we overrule Smith's assignment of error.
 {¶ 13} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1