THE STATE OF OHIO, APPELLEE, *v*. SMITH, APPELLANT.

[Cite as *State v. Smith,* 131 Ohio St.3d 297, 2012-Ohio-781.]

*Criminal law—Ripeness—R.C. 2947.23(A)(1)—Trial court's failure to inform offender that community service may be imposed if the offender fails to pay court costs presents issue ripe for review even where record does not show that offender has failed to pay costs or that court has ordered community service for failure to pay.*

(No. 2011-0811—Submitted December 7, 2011—Decided March 1, 2012.)

CERTIFIED by the Court of Appeals for Warren County,

No. CA2010-06-057, 2011-Ohio-1188.

_____

SYLLABUS OF THE COURT

A sentencing court's failure to inform an offender, as required by R.C. 2947.23(A)(1), that community service could be imposed if the offender fails to pay the costs of prosecution or court costs presents an issue ripe for review even though the record does not show that the offender has failed to pay such costs or that the trial court has ordered the offender to perform community service as a result of failure to pay.

_____

LUNDBERG STRATTON, J.

I. Introduction

{¶ 1} Appellant, Timothy Smith, pleaded guilty to forgery under R.C. 2913.31(A)(3), a fifth-degree felony. The trial court accepted Smith's plea and found him guilty. The court sentenced Smith to five years of community control and required Smith to pay court costs, the fee for his court-appointed attorney, and $4,857 in restitution. However, the court did not inform Smith that if he

failed to pay court costs, the court could require him to perform community service pursuant to R.C. 2947.23(A)(1).

{¶ 2}   Smith appealed, asserting four assignments of error, including an assertion that the trial court erred and abused its discretion when it failed to notify him pursuant to R.C. 2947.23(A)(1) that if he failed to pay court costs, the trial court could require him to perform community service. *State v. Smith*, 12th Dist. No. CA2010-06-057, 2011-Ohio-1188, 2011 WL 882182, ¶ 25-26.  The court of appeals refused to consider this assignment of error on its merits, holding that the issue was not ripe for review until the defendant fails to pay costs or a court imposes community service as a consequence for failing to pay court costs.  *Id.* at ¶ 32.  However, the court of appeals reversed the trial court's judgment to the extent it determined that the clerk of court may have charged Smith certain costs that were not permitted by law, and remanded the cause to the trial court to determine whether these costs were properly imposed.  *Id.* at ¶ 58-59, 68.

{¶ 3}   Smith did not file a discretionary appeal in this court.  However, he did file a motion in the court of appeals to certify a conflict.  Smith alleged that the court of appeals' holding that a trial court's failure to notify under R.C. 2947.23(A)(1) was not ripe for review conflicted with the Fourth District Court of Appeals' decision in *State v. Moss*, 186 Ohio App.3d 787, 2010-Ohio-1135, 930 N.E.2d 838 (4th Dist.) and the Fifth District Court of Appeals' decision in *State v. Dansby,* 5th Dist. No. 08 AP 06 0047, 2009-Ohio-2975, 2009 WL 1763679.

{¶ 4}   The court of appeals issued an order certifying that a conflict existed.  We agreed and ordered the parties to brief the issue

> whether a sentencing court's failure to inform an offender, as required by R.C. 2947.23(A)(1), that community service could be imposed if the offender fails to pay the costs of prosecution or "court costs" presents an issue ripe for review even though the

record does not show that the offender has failed to pay such costs or that the trial court has ordered the offender to perform community service as a result of failure to pay.

129 Ohio St.3d 1426, 2011-Ohio-3740, 951 N.E.2d 89.

{¶ 5}  Smith argues that the trial court's failure to provide him with the community-service notification is ripe for review even though he has not yet failed to pay court costs or the court has not yet imposed community service.  The state argues that the trial court's failure to notify is not ripe for review until the defendant fails to pay court costs or a trial court imposes community control.

II. Analysis

{¶ 6}  We begin our analysis by examining R.C. 2947.23(A)(1), which provides:

> In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. *At the time the judge or magistrate imposes sentence*, the judge or magistrate *shall notify* the defendant of both of the following:
>
> (a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(Emphasis added.)

{¶ 7}  The Twelfth District Court of Appeals below declined to address the trial court's failure to notify Smith of the potential imposition of community service because

> the record does not demonstrate that Smith has failed to pay the court costs or the cost for his court-appointed counsel, or that the trial court has ordered him to perform community service. If Smith fails to pay those costs in the future, then under R.C. 2947.23(B), the trial court will be required to hold a hearing regarding his failure to pay and may, in its discretion, order him to perform community service. However, because these events have yet to happen and may not ever happen, Smith's claim regarding community service is not yet ripe for review.

*State v. Smith*, 2011-Ohio-1188, ¶ 33.

{¶ 8}  By contrast, the Fourth District Court of Appeals in *Moss*, 186 Ohio App.3d 787, 2010-Ohio-1135, 930 N.E.2d 838, ¶ 20 (4th Dist.), has held that the trial court's failure to provide the community-service notification pursuant to R.C. 2947.23(A)(1) is ripe for review. The court reasoned that the community-service notification in R.C. 2947.23(A)(1) is "mandatory." *Id.* at ¶ 21; *see also Dansby,* 2009-Ohio-2975, and *State v. Cardamone*, 8th Dist. No. 94405, 2011-Ohio-818, 2011 WL 676080, ¶ 13-14.

{¶ 9}  When interpreting a statute, a court must first look to its language and apply it as written if the meaning is unambiguous. *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. " '[T]he word "shall" shall be construed as mandatory unless there appears a clear and unequivocal legislative

intent that [it] receive a construction other than [its] ordinary usage.' " *Ohio Civ. Rights Comm. v. Countrywide Home Loans*, *Inc.,* 99 Ohio St.3d 522, 2003-Ohio-4358, 794 N.E.2d 56, ¶ 4, quoting *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus.

{¶ 10} In R.C. 2947.23(A)(1), the General Assembly's use of the language "at the time the judge * * * imposes sentence, the judge * * * shall notify" clearly registers an intent that this notice is mandatory and that a court is to provide this notice at sentencing. Therefore, a reviewing court's authority to consider a trial court's failure to provide this notice does not first require a defendant to fail to pay court costs or a court to impose community service. Thus, we agree with the holdings in *Moss, Dansby,* and *Cardamone.* Accordingly, we answer the certified question in the affirmative and hold that a sentencing court's failure to inform an offender, as required by R.C. 2947.23(A)(1), that community service could be imposed if the offender fails to pay the costs of prosecution or court costs presents an issue ripe for review even though the record does not show that the offender has failed to pay such costs or that the trial court has ordered the offender to perform community service as a result of failure to pay. We also note that because a trial court must provide this notice at sentencing, the time to appeal a trial court's failure to provide the notice required by R.C. 2947.23(A)(1) begins to run from the date of the trial court's sentencing entry. *See State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph three of the syllabus (a sentencing entry is a final, appealable order as to costs).

### III. Conclusion

{¶ 11} In the instant case, the court of appeals declined to address Smith's second assignment of error, holding that the trial court's failure to provide Smith the community-service notice required by R.C. 2947.23(A)(1) was not ripe for review because Smith had not yet failed to pay court costs. Because we have held that this failure to notify is ripe for review regardless of whether a defendant has

failed to pay costs, we reverse that portion of the court of appeals' judgment and remand this cause to the court of appeals for it to consider Smith's second assignment of error in accordance with this opinion.

Judgment reversed in part,

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

––––––––––––––––––––

David P. Fornshell, Warren County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Diehl & Hubbell, L.L.C., and Martin E. Hubbell, for appellant.

––––––––––––––––––––––––