[Cite as *State v. Veal*, 2013-Ohio-1577.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25253 |
| v. | : | T.C. NO. 12CR745 |
| ERIC L. VEAL | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

## O P I N I O N

Rendered on the _____19th_____ day of _____April_____, 2013.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. No. 0074057, 120 W. Second Street, Suite 400, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}   After Eric L. Veal pled guilty to felonious assault, a second-degree

felony, the trial court sentenced him to an agreed two-year prison term and ordered him to pay court costs. Veal appeals from his conviction, claiming that the trial court erred in failing to consider his ability to pay before ordering the payment of court costs and to notify him of the consequences should he fail to pay them. For the following reasons, the trial court's judgment will be modified in part and affirmed as modified.

**{¶ 2}** In his first assignment of error, Veal claims that "[t]he trial court erred in assessing costs without evaluating Veal's ability to pay."

**{¶ 3}** Under R.C. 2947.23, a trial court is required to impose "the costs of prosecution" against all convicted defendants and render a judgment against the defendant for such costs, even those who are indigent. *See State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. The Ohio Supreme Court has made clear that the trial court must orally notify a defendant at sentencing that the court is imposing court costs. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 22, citing Crim.R. 43(A). A trial court may waive the payment of costs, but an indigent defendant must move for such waiver at sentencing. *Joseph* at ¶ 11-12.

**{¶ 4}** Court costs are governed by R.C. 2947.23; they are not financial sanctions. *State v. Smith*, 3d Dist. Allen No. 1-07-32, 2007-Ohio-6552, ¶ 11. Consequently, R.C. 2929.19 is inapplicable to court costs, and the trial court need not consider a defendant's ability to pay under R.C. 2929.19 prior to imposing such costs. *E.g.*, *id.*; *State v. Blessing*, 2d Dist. Clark No. 2011 CA 56, 2013-Ohio-392, ¶ 53. "[A]lthough costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money." *State v. Threatt*, 108 Ohio St.3d 277,

2006-Ohio-905, 843 N.E.2d 164, ¶ 15.

{¶ 5} In this case, the trial court told Veal that it was sentencing him to two years in prison, that "there's no restitution due, but [I'm going to] order that you pay court costs." Veal did not object to the order that he pay court costs or claim that he was indigent and could not pay the costs. Because the court was required to impose court costs, was not required to consider Veal's ability to pay before imposing them, and was not asked to waive the payment of costs due to Veal's indigence, the trial court did not err in ordering Veal to pay court costs without considering his ability to pay.

{¶ 6} In his brief, Veal also asserts that his trial counsel provided ineffective assistance by failing to object to the imposition of court costs or to seek a waiver of payment of those costs.

{¶ 7} To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Id.*

{¶ 8} The record provides limited information relevant to whether a request for a waiver of court costs would have been successful. The record reflects that Veal had appointed counsel in the trial court and on appeal due to his indigence. However, "[t]he

fact that [Veal] is indigent for purposes of receiving appointed counsel does not necessarily shield him from paying court costs. In resolving the costs issue, the trial court may consider any relevant information, including [Veal's] potential ability to pay his court costs in the future." (Citations omitted.) *State v. Lunsford*, 93 Ohio App.3d 195, 2011-Ohio-964, 951 N.E.2d 464, ¶ 17 (2d Dist.). The record further reflects that Veal was 36 years old and was sentenced to two years in prison. Given the agreed sentence, Veal waived a pre-sentence investigation, which might have provided additional information pertinent to Veal's ability to pay court costs. Based on the minimal information before us, we cannot say that the trial court would have waived the payment of court costs had the issue been raised at sentencing.

{¶ 9} Veal's first assignment of error is overruled.

{¶ 10} In his second assignment of error, Veal claims that "[t]he trial court erred by failing to notify Veal he could be ordered to perform community service if he fails to pay the court costs."

{¶ 11} At the time of Veal's sentencing in April 2012, the trial court was required to notify him of certain consequences of failing to pay court costs. R.C. 2947.23(A)(1). Specifically, the court was required to notify the defendant:

> (a) If the defendant fails to pay that judgment [for costs] or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule [and]

(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

Former R.C. 2947.23(A)(1).

{¶ 12} Reviewing the version of R.C. 2947.23 that was in effect when Veal was sentenced, the Supreme Court has emphasized that the notice requirement "is mandatory and that a court is to provide this notice at sentencing." *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423, ¶ 10. The Supreme Court thus held that a reviewing court's authority to consider a trial court's failure to provide this notice does not first require a defendant to fail to pay court costs or a court to impose community service. *Id.*

{¶ 13} The State acknowledges that the trial court failed to notify Veal that he could be required to perform community service should he fail to pay court costs. The transcript of Veal's plea and sentencing hearing also reflects that notice was not given.

{¶ 14} The Tenth District recently held that since the defendant did not object to the judge's lack of advice at sentencing concerning the possibility of community service, the plain error standard should be applied. *State v. Jackson*, 10th Dist. Franklin Nos. 12AP-768, 12AP-769, 2013-Ohio-1152, ¶ 17. The court noted that the defendant was sentenced to 14 years in prison, that the State garnishes inmate accounts to collect court costs, and that the legislature might change the requirements by the time the defendant is released. The appellate court found no plain error in the court's lack of notice that the defendant might be required to perform community service after his release, and it overruled the assignment of error.

{¶ 15} We have not applied a plain error analysis and, instead, have either remanded the case for instruction by the court to the defendant regarding community service or modified the judgment to eliminate any requirement that an appellant perform community service in lieu of court costs. *E.g.*, *State v. Parson*, 2d Dist. Montgomery No. 25123, 2013-Ohio-1069, ¶ 16, fn.2 (describing this court's history of dealing with this issue).

{¶ 16} We recognize that 2012 Sub.H.B. 247 made several substantive changes to R.C. 2947.23, effective March 22, 2013. Of note, R.C. 2947.23(A)(1)(a) now requires notification that a defendant might be required to perform community service for failure to pay court costs only when "the judge or magistrate imposes a community control sanction or other nonresidential sanction." The Ohio legislature also added a new R.C. 2947.23(C), which states: "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, * * * at the time of sentencing or at any time thereafter." R.C. 2947.23(A)(1)(b) was modified by 2012 Am.Sub.S.B. 337, effective September 28, 2012, and it continues to provide that "[t]he failure of a judge or magistrate to notify the defendant pursuant to division (A)(1)(a) of this section does not negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment described in that division or to timely make payments toward that judgment under an approved payment plan."

{¶ 17} 2012 Sub.H.B. 247 also authorized courts to cancel claims for costs due the court, if the amounts are uncollectible. The provisions state, "If at any time the court finds that an amount owing to the court is due and uncollectible, in whole or in part, the court may direct the clerk of the court to cancel all or part of the claim. The clerk shall then effect the cancellation." *See* R.C. 1901.263 (municipal court); R.C. 1905.38 (mayor's court); R.C.

1907.25 (county court); R.C. 1925.151 (small claims division); R.C. 2101.165 (probate court); R.C. 2151.542 (juvenile court); R.C. 2303.23 (common pleas court); R.C. 2501.161 (court of appeals); R.C. 2503.33 (supreme court).

{¶ 18} Unlike an order of community service as a condition of probation or community control, a court cannot imprison a person for failure to work to satisfy a civil obligation, such as costs. *State v. Ellis*, 2d Dist. Montgomery No. 22189, 2008-Ohio-2719, ¶ 19. *Contrast State v. Daugherty*, 2d Dist. Montgomery No. 20779, 2006-Ohio-240 (a defendant's failure to perform community service is properly addressed either as a violation of community control or as indirect contempt). This is true whether it is nominally for indirect contempt or for a "violation" of R.C. 2947.23. *See Ellis* at ¶ 20. It appears that R.C. 2947.23 simply provides a defendant with an opportunity to avoid civil collection procedures by satisfying the debt by performing community service.

{¶ 19} Veal's second assignment of error is sustained.

{¶ 20} Pursuant to the law in effect at the time of Veal's sentencing, the trial court erred by not instructing him as required by R.C. 2947.23. The law no longer requires defendants who are sentenced to prison to be so advised and, further, allows a trial court to modify or cancel the payment of costs. Upon consideration of all of the above and the facts of this case, the court's judgment will be modified by eliminating any requirement that Veal can be mandated to perform community service in lieu of court costs. As modified, the trial court's judgment will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Lucas W. Wilder
Hon. Barbara P. Gorman