[Cite as *State v. Haney*, 2013-Ohio-1924.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                           :

    Plaintiff-Appellee              :        C.A. CASE NO.   25344

v.                                      :        T.C. NO.   12CR684

BRIAN S. HANEY                          :      (Criminal appeal from
                                    Common Pleas Court)

    Defendant-Appellant             :

                              :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the    10th    day of     May    , 2013.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

ENRIQUE G. RIVERA-CEREZO, Atty. Reg. No. 0085053, 765 Troy Street, Dayton, Ohio 45404
    Attorney for Defendant-Appellant

BRIAN S. HANEY, #667876, P. O. Box 540, Saint Clairsville, Ohio 43950
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Brian S. Haney pled guilty in the Montgomery County Court of Common Pleas to one count of domestic violence (with a prior conviction involving a family or household member), a fourth-degree felony. Prior to sentencing, but after the court indicated that it intended to impose a prison term, Haney sought to withdraw his plea. After a hearing, the trial court denied the motion. The trial court sentenced Haney to 12 months in prison and ordered him to pay court costs.

{¶ 2} Haney's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, he found no potentially meritorious issues for appeal. Counsel set forth three potential assignments of error, namely (1) that the trial court should have granted Haney's motion to withdraw his plea based on a manifest injustice, (2) that Haney did not fully understand his constitutional rights prior to pleading guilty, and (3) that Haney received ineffective assistance of counsel.

{¶ 3} By entry, we informed Haney that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. To date, no pro se brief has been filed. The case is now before us for our independent review of the record. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 4} In his first potential assignment of error, Haney's counsel claims that the trial court should have granted Haney's motion to withdraw his plea. Haney pled guilty to domestic violence on April 19, 2012. A presentence investigation was ordered, and sentencing was scheduled for May 10, 2012. On May 10, prior to the sentencing hearing, the trial court indicated to defense counsel that it intended to impose a 12-month prison sentence. Counsel relayed that information to Haney, who expressed, on the record, a

desire to withdraw his plea; the sentencing hearing did not proceed.

{¶ 5} The court appointed new counsel for Haney, who filed a written motion to withdraw the guilty plea. Haney's motion asserted that he was promised that there would be no opposition to treatment and that he would not be incarcerated if he accepted the plea. In his affidavit in support of the motion, Haney also stated that his original counsel did not show him the discovery in his case and failed to appear for hearings.

{¶ 6} The trial court held a hearing on Haney's motion, during which Haney testified on his own behalf. Haney testified that he was told by his original counsel that "the prosecutor was not going to reduce the charges back to misdemeanors, but if I pled guilty that day on the day of the scheduling conference, April 19th, that if I was recommended for residential treatment that the Judge would not oppose it." Haney understood that there would be a presentence investigation and that the trial court would sentence him based on the report. Haney testified that he told pretrial services that he wanted help with his anger and drinking issues and that he was already attending a domestic violence class during his pretrial confinement. Haney was told that the report would recommend residential treatment. When Haney came for sentencing on May 10, his attorney told him that the trial court no longer wanted him to go to treatment and, instead, wanted Haney to serve one year in prison. Haney indicated that his goal was to receive treatment, so he asked to withdraw his plea. Haney testified that he did not have any problem with his original counsel's representation of him.

{¶ 7} The State called Haney's original counsel, Thomas Manning, to testify at the hearing. Manning testified that he discussed the potential consequences of a guilty plea

with Haney on several occasions. Haney was "very upfront with me [Manning] about the fact that he believed he had some issues, substance and anger issues, and that he wanted to have them addressed through a treatment program." Manning stated that he expressed those concerns to the judge. Manning also testified that he explained to Haney that, if the presentence investigation report recommended community control with treatment, the judge "would probably be more likely than not to follow that, but that the Judge ultimately can make her own decision." Manning stated that he did not promise that Haney would receive treatment if the report recommended treatment. Additionally, Manning testified that he provided a copy of the discovery packet to Haney.

{¶ 8}   At the end of the hearing, the trial court orally overruled Haney's motion to withdraw his plea. The court treated the motion as a post-sentence motion, which requires a showing of a manifest injustice. The court concluded that a manifest injustice was not shown. The court stated that there was no defect in the plea hearing, and Haney was advised of the potential for a term of imprisonment. The court noted that the PSI recommended that Haney be sentenced to prison.

{¶ 9}   We find no arguable error in the trial court's denial of Haney's motion to withdraw his plea. "A motion to withdraw a plea of guilty or no-contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1.

{¶ 10}   This court has held that a motion to withdraw a plea that is made before sentencing, but after learning of the imminent sentence to be imposed, is considered to be

filed after sentencing. *E.g.*, *State v. McComb*, 2d Dist. Montgomery Nos. 22570, 22571, 2009-Ohio-295, ¶ 7, citing *State v. Long*, 2d Dist. Montgomery No. 13285, 1993 WL 155662, *6 (May 13, 1993); *State v. Sylvester*, 2d Dist. Montgomery No. 22289, 2008-Ohio-2901. This approach is consistent with the purpose behind the post-sentencing standard. *Id.* As we stated in *State v. Fugate*, 2d Dist. Montgomery No. 21574, 2007-Ohio-26, ¶ 17: "The post-sentence 'manifest injustice' standard is aimed at cases where a defendant pleads guilty without knowing what his sentence will be, finds out that his sentence is worse than he had hoped and expected, and then seeks to vacate his plea."

**{¶ 11}** Consideration of a motion to withdraw a plea after sentencing is addressed to the sound discretion of the trial court. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), at paragraph two of the syllabus. Thus, an appellate court reviews the trial court's decision under an abuse of discretion standard. *Id.*; *State v. Harris*, 2d Dist. Montgomery No. 19013, 2002 WL 940186, *1 (May 10, 2002). An abuse of discretion means that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St .2d 151, 157, 404 N.E.2d 144 (1980).

**{¶ 12}** In this case, Haney moved to withdraw his plea after learning that he would be sentenced to prison, rather than to community control with treatment. It was undisputed that Haney was not promised treatment, regardless of the outcome of the presentence investigation. Haney was aware that the judge would sentence him after reviewing the presentence investigation report; although Haney believed he would be recommended for treatment, the report actually recommended a prison term. We find no potentially arguable claim that Haney's plea resulted in a manifest injustice.

{¶ 13} Moreover, Haney has no arguably meritorious claim that his plea hearing was defective. An appellate court must determine whether the record affirmatively demonstrates that a defendant's plea was made knowingly, intelligently, and voluntarily. *State v. Russell*, 2d Dist. Montgomery No. 25132, 2012-Ohio-6051, ¶ 7. "If a defendant's guilty plea is not knowing and voluntary, it has been obtained in violation of due process and is void." *State v. Brown*, 2d Dist. Montgomery Nos. 24520 & 24705, 2012-Ohio-199, ¶ 13, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C). *Brown* at ¶ 13.

{¶ 14} Crim.R. 11(C)(2) requires the court to (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty [or no contest] and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 15} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial

court need only substantially comply with those requirements. *E.g.*, *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* In contrast, the trial court must strictly comply with Crim .R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

{¶ 16} Furthermore, when non-constitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. Prejudice in this context means that the plea would otherwise not have been entered. *Id*. at ¶ 15, 897 N.E.2d 621. Where the trial court completely fails to comply with Crim.R. 11(C)(2)(a) or (b), however, "an analysis of prejudice" is not implicated. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 17} The record of the plea hearing in this case shows that the trial court complied with both of the constitutional and non-constitutional provisions of Crim.R. 11(C), and properly found that Haney's plea was knowingly, intelligently and voluntarily entered. The trial court thoroughly explained the possible sentences that Haney could receive for the fourth-degree felony, including a maximum 18-month prison sentence, as well as the fact that his post-release control could be revoked due to his guilty plea in this case. The court told Haney that, if he were sent to prison, he could be subject to post-release control after his release, and the court noted the consequences if Haney violated his post-release control.

The court notified Haney that it was going to order a presentence investigation "for purposes of determining an appropriate sentence."

{¶ 18} Haney denied being under the influence of drugs or alcohol. Haney stated that he was entering his plea of his own free will and that he was neither threatened nor had any promises made to him to induce him to plead. Haney understood that his guilty plea was a complete admission of guilt. The trial court confirmed that Haney was a United States citizen and that he understood each of the rights he was waiving by pleading guilty. The State read the charge against Haney and Haney agreed that the facts were true. Haney signed the plea form in open court; he had no questions or concerns before doing so. The trial court accepted Haney's guilty plea.

{¶ 19} The record demonstrates that Haney's guilty plea was knowingly, intelligently, and voluntarily entered. Therefore, the assigned potential error with respect to the validity of his plea lacks arguable merit.

{¶ 20} The third potential assignment of error contends that Haney's original trial counsel was ineffective because he did not give Haney enough time to fully understand the consequences of his guilty plea. There is nothing in the record to support this assertion. Therefore, we find no arguable merit to this claim.

{¶ 21} Upon our independent review of the record, we note that the trial court did not inform Haney, as then required by R.C. 2947.23(A)(1)(a), that he could be required to perform community service if he failed to pay his court costs. The statute currently provides that the failure to give this notice does not affect the court's ability to require community service and, effective March 22, 2013, the trial court is no longer required to

give this notice to offenders who receive a prison sentence. *See* 2012 Sub.H.B. 247. In circumstances similar to Haney's, we have modified the defendant's sentence to eliminate any possibility that the defendant can be mandated to perform community service in lieu of court costs. *See State v. Veal*, 2d Dist. Montgomery No. 25253, 2013-Ohio-1577, ¶ 20. We therefore modify Haney's sentence to remove the possibility that Haney be required to perform community service should he fail to pay court costs.

{¶ 22} We have thoroughly reviewed the record, and we find no other potentially meritorious issues. The trial court's judgment will be affirmed, as modified.

. . . . . . . . . .

FAIN, P.J. and DONOVAN, J., concur.

Copies mailed to:

Carley J. Ingram
Enrique G. Rivera-Cerezo
Brian S. Haney
Hon. Mary L. Wiseman