[Cite as *State v. Graves*, 2013-Ohio-2911.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 99141

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TIMOTHY GRAVES

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545970

**BEFORE:** Boyle, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Katherine Mullin
        James M. Price
        Joseph J. Ricotta
Assistant County Prosecutors
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1}   Defendant-appellant, Timothy Graves, appeals his sentence raising the following three assignments of error:

I. The trial court erred by ordering appellant to pay costs.

II. The fine imposed at the sentencing hearing infringes upon appellant's rights under the Eighth and Fourteenth Amendments to the United States Constitution, R.C. 2929.18, R.C. 2929.19(B), R.C. 2947.14, and related sections of the Ohio Constitution.

III.   Appellant's sentence as to the fine is contrary to law and an abuse of discretion as it was not properly imposed.

{¶2}   Finding some merit to the appeal, we reverse the sentence in part and remand for a limited sentencing hearing as set forth in this opinion.

Procedural History and Facts

{¶3}   Graves pleaded guilty to a single count of receiving stolen property, a violation of R.C. 2913.51(A), a felony of the fifth degree.   At his sentencing hearing, the trial court imposed the following sentence:

All right.   Well, the purposes and principles of felony sentencing in this State are to protect the public and punish the offender.   In this case, as I stated, there is mandatory community control.   Therefore, the court finds that you are to serve a term of 18 months of community control, under basic supervision.   I will order community work service of 40 hours; random drug testing; notify on the first positive or dilute specimen; obtain/maintain employment; no contact with the victim; obviously pay the restitution [$110.37] and the court costs in this matter.

And to make your memory a visit to the court today, I'm also going to impose a $2,000 fine in this case.

{¶4}   The trial court further informed Graves that if he violated the terms of his community control sanctions, the court would sentence him to 12 months in prison and that he would be subject to a discretionary period of three years postrelease control following his release.

{¶5}   Following the trial court stating the sentence, defense counsel objected to the trial court imposing any fines other than paying the restitution amount on the grounds that Graves was indigent.   The trial court responded by noting the objection, overruling it, and then imposing the fine as stated.

{¶6} This appeal now follows.

## Imposition of Costs

{¶7}   In his first assignment of error, Graves argues that the trial court erred when it ordered him to pay costs because it failed to warn him that if he did not pay costs, the court could require him to perform community service. The state concedes this error and we agree.   Indeed, it is well settled that the notification requirement under R.C. 2947.23(A)(1)(a) is mandatory and must be given at the sentencing hearing.   *State v. Huber*, 8th Dist. No. 98206, 2012-Ohio-6139, ¶ 32, citing   *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423, ¶ 10.

{¶8}   The first assignment of error is sustained.

## Imposition of $2,000 Fine

{¶9}   In his second assignment of error, Graves argues that the trial court erred in imposing a $2,000 fine without first considering his ability to pay such a fine. Notably,

Graves does not challenge the trial court's order to pay restitution, which was a part of his plea agreement.

{¶10} R.C. 2929.18(A) permits a trial court to impose a financial sanction and fine upon an offender who has committed a felony. Before doing so, however, "the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(5). "There are no express factors that must be taken into consideration nor specific findings that must be made by the court on the record, but there must be some evidence in the record that the trial court considered the defendant's ability to pay." *State v. Schneider*, 8th Dist. No. 96953, 2012-Ohio-1740, ¶ 10, citing *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 11 (8th Dist.).

{¶11} The state counters that the requirement set forth in R.C. 2929.19(B)(5) is a low threshold and that Ohio law does not prohibit a court from imposing a fine on an indigent defendant. Relying on this court's decision in *State v. Andera*, 8th Dist. No. 92306, 2010-Ohio-3304, the state argues that the trial court's statement that it "considered all required factors of the law" in the journal entry sufficiently satisfies the low threshold set in R.C. 2929.19(B). We disagree.

{¶12} We find two crucial facts in *Andera* that distinguish that case from the instant one: (1) the defendant never objected to the fines ordered by the trial judge at the sentencing hearing; and (2) the defendant hired counsel to represent him at the trial level. In this case, Graves was indigent and had appointed counsel throughout. Further, Graves's defense counsel immediately objected to the imposition of the $2,000 fine.

Despite defense counsel raising issue with Graves being indigent and the imposition of the $2,000 fine, it does not appear from the record that the trial court gave any consideration to Graves's ability to pay the fine. And while there is evidence in the record that Graves had a job at one point in time, there is nothing in the record to suggest that Graves still had a job at the time of sentencing.

{¶13} Because there is no evidence that the trial court considered Graves's present and future ability to pay the fine, we find that the imposition of the fine is contrary to law and that this portion of the sentence must be reversed. *See, e.g.*, *State v. Petrie*, 4th Dist. No. 12CA4, 2013-Ohio-887, ¶ 6 ("even though the court stated in its sentencing entry that it considered the presentence investigation report, the record unequivocally shows that the court was unaware of Petrie's economic situation"); *State v. Woods*, 5th Dist. No. 12-CA-19, 2013-Ohio-1136 (finding that the trial court did not comply with R.C. 2929.19(B)(5) because there was no evidence in the record that the trial court considered the defendant's present and future ability to pay the fine).

{¶14} As for Graves's reliance on R.C. 2947.14 for the proposition that the trial court was required to have a separate hearing on his ability to pay the fine, we summarily note that R.C. 2947.14, titled "Satisfaction of Fine," deals with a defendant's failure to pay a fine and the requirement to hold a hearing prior to committing a defendant to jail or the workhouse for nonpayment of the fine. *See Cleveland v. Leneghan*, 181 Ohio App.3d 378, 2009-Ohio-1086, 909 N.E.2d 148 (8th Dist.). In this case, Graves was not committed to jail or the workhouse for failure to pay a fine, and therefore this statute is

inapplicable.

{¶15} Having found that the trial court erred as a matter of law in imposing a $2,000 fine, we reverse the imposition of the fine and remand this matter to the trial court for a determination of Graves's present and future ability to pay a fine. Based on our resolution of the second assignment of error, we find that Graves's third assignment of error is moot.

{¶16} In summary, this case is remanded for a limited sentencing hearing on (1) the issues of costs as set forth in the first assignment of error, and (2) Graves's present and future ability to pay a $2,000 fine as set forth in the second assignment of error.

{¶17} Judgment reversed and case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR