[Cite as *State v. Haynie*, 2013-Ohio-3777.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                     CASE NO. 9-13-18

  v.

GLEN WESLEY HAYNIE,                  O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Marion County Common Pleas Court
Trial Court No. 02-CR-0341

Judgment Affirmed

Date of Decision:  September 3, 2013

---

APPEARANCES:

    *Glen W. Haynie*, Appellant

**SHAW, J.**

{¶1} Defendant-appellant, Glen Wesley Haynie ("Haynie"), appeals the February 27, 2013 judgment of the Marion County Court of Common Pleas overruling his "Petition Pursuant to R.C. 2947.23."

{¶2} On August 1, 2003, Haynie was sentenced to serve a prison term of fifteen years for his conviction for kidnapping and aggravated burglary.

{¶3} Haynie filed a timely appeal and this Court affirmed the trial court's judgment entry of conviction and sentence in *State v. Haynie*, 157 Ohio App.3d 708 (3d Dist. 2004).

{¶4} On October 19, 2012, Haynie *pro se* filed a "Petition Pursuant to R.C. 2947.23." In this "Petition," Haynie alleged that the trial court erred when it failed to provide him notice at sentencing that he may be ordered to perform community service if he failed to pay his court costs. Haynie also alleged that the Clerk of Courts failed to collect his court costs in accordance with the relevant statutory provisions. Notably, the prosecution did not respond to Haynie's "Petition" at the trial court level and it neglected to file a brief in the instant appeal.

{¶5} On February 27, 2013, the trial court overruled Haynie's "Petition," finding his claims were barred by res judicata.

{¶6} Haynie filed this appeal, asserting the following assignments of error.

## ASSIGNMENT OF ERROR NO. I

**THE COURT ERRORS [SIC] IN HOLDING THAT THE APPELLANT IS BARRED PURSUANT THE [SIC] RES JUDICATA DOCTRINE.**

## ASSIGNMENT OF ERROR NO. II

**THE COURT ERRORS [SIC] IS [SIC] NOT ADDRESSING ALL ISSUES PRESENTED FOR RELIEF IN THE PETITION FILED BY APPELLANT ON OCTOBER 19, 2012.**

**{¶7}** For ease of discussion, we elect to address Haynie's assignments of error together.

### *First and Second Assignments of Error*

**{¶8}** In his first assignment of error, Haynie maintains that the trial court erred when it determined that the claims stated in his "Petition" were barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006–Ohio–1245, at ¶ 16–17.

{¶9} With regard to Haynie's specific claim that the trial court erred in failing to notify him that he may be subject to community service if he did not pay his court costs, the Supreme Court of Ohio has held that "because a trial court must provide this notice at sentencing, the time to appeal a trial court's failure to provide the notice required by R.C. 2947.23(A)(1) begins to run from the date of the trial court's sentencing entry." *State v. Smith*, 131 Ohio St. 3d 297, 2012-Ohio-781, ¶ 10 citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, paragraph three of the syllabus (a sentencing entry is a final, appealable order as to costs). Thus, it was incumbent upon Haynie to raise *all* issues related to the trial court's imposition of his court costs when he appealed the trial court's August 1, 2003 Judgment Entry of conviction and sentence. Because Haynie failed to do so his claims are now barred by the doctrine of res judicata.[1]

{¶10} In his second assignment of error, Haynie asserts that the trial court erred when it did not specifically rule on the contention stated in his "Petition" that the Clerk of Courts erred in collecting his court costs. In making this argument, Haynie fails to acknowledge that the trial court overruled his "Petition" on all the grounds raised. Haynie cites no authority which requires the trial court to essentially issue findings of fact and conclusions of law regarding each of the specific claims stated in his "Petition." *See State v. Evans*, 4th Dist. Adams No.

---

[1] We note that in his prior appeal, Haynie did raise an issue regarding the constitutionality of collecting court costs from an indigent offender. However, as previously discussed, Haynie neglected to raise these ancillary issues related to the imposition of his courts costs and is now precluded from doing so.

01CA715, 2002-Ohio-1465, \*1 (stating the trial court has no such duty in overruling an appellant's motion challenging court costs collection). Moreover, for reasons previously discussed, Haynie's claim regarding the collection of his court costs is barred by res judicata.

{¶11} Accordingly, we find no error in the trial court overruling Haynie's "Petition" on the basis of res judicata. Therefore, for the reasons stated herein, we overrule Haynie's assignments of error and affirm the judgment of Marion County Court of Common Pleas.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J, concur.**

**/hlo**