[Cite as *State v. Gates*, 2013-Ohio-4284.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2011-P-0001** |
| TROY L. GATES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division.
Case No. 2009 TRD 12709R.

Judgment: Modified and affirmed as modified.

*Victor V. Vigluicci*, Portage County Prosecutor, *Timothy J. Piero* and *Theresa M. Scahill*, Assistant Prosecutors, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Neil P. Agarwal*, 3766 Fishcreek Road, Suite 289, Stow, OH 44224-4379 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} This matter comes before us on remand from the Ohio Supreme Court. *State v. Gates*, 131 Ohio St.3d 372, 2012-Ohio-1221. The judgment entry of remand requires us to apply *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, to the facts in this case. *Gates* at ¶1. A detailed recitation of the facts and procedural posture of the case can be found in our previous opinion. *State v. Gates*, 11th Dist. Portage No. 2011-P-0001, 2011-Ohio-5711.

{¶2} At issue is the trial court's failure to notify appellant that failure to pay court costs could result in an order to perform community service, as required by former R.C. 2947.23(A)(1)(a). We previously held the issue is not ripe for adjudication until a failure to pay court costs results in an order to perform community service. *Gates* at ¶49. However, in *Smith*, the Ohio Supreme Court held:

> A sentencing court's failure to inform an offender, as required by [former] R.C. 2947.23(A)(1), that community service could be imposed if the offender fails to pay the costs of prosecution or court costs presents an issue ripe for review even though the record does not show that the offender has failed to pay such costs or that the trial court has [ordered community service in lieu of payment].

*Smith* at 297. Thus, in accord with the remand, the issue is ripe and will be resolved as set forth herein.

{¶3} The relevant facts are not disputed. Appellant was not orally informed that community service could be imposed if he failed to pay court costs as ordered. The trial court's judgment entry, however, reflects the possibility that community service could be ordered under such circumstances. Former R.C. 2947.23(A)(1)(a), which was in force at the time of appellant's sentencing, required such notification in each case. There was no subsection (b) to allow a cure for the failure to notify. Thus, the narrow issue before us is the appropriate remedy for a trial court's failure to properly advise appellant, as required by former R.C. 2947.23(A)(1)(a), that he might be subject to court-ordered community service should he fail to pay costs.[1]

---

1. Pursuant to 2012 Sub.H.B. No. 247, effective March 22, 2013, R.C. 2947.23(A)(1)(a) requires that a defendant be notified that community service might be required for failure to pay court costs only when "the judge or magistrate imposes a community control sanction or other nonresidential sanction." R.C. 2947.23(A)(1)(b) now provides: "The failure of a judge or magistrate to notify the defendant pursuant to division (A)(1)(a) of this section does not negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment described in that division or to timely make payments toward that judgment under an approved payment plan."

{¶4} The Second District has held that the proper remedy is to modify the judgment of the trial court to eliminate the possibility that community service may be imposed in lieu of payment of court costs; the judgment is then affirmed as modified. *See State v. Fomby*, 11th Dist. Lake No. 2012-L-073, 2013-Ohio-2821, ¶70-72 (Cannon, P.J., concurring in judgment only), citing *State v. Veal*, 2d Dist. Montgomery No. 25253, 2013-Ohio-1577, ¶20; and *State v. Haney*, 2d Dist. Montgomery No. 25344, 2013-Ohio-1924, ¶21.

{¶5} We concur with *Haney*. As a result of the trial court's failure to properly inform appellant of the possibility that community service could be ordered in lieu of unpaid court costs, such an order cannot be entered against him. Thus, the judgment of the trial court is hereby modified to remove the possibility that community service may be ordered should appellant fail to pay court costs. As modified, the judgment of the trial court is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.