[Cite as *State v. Graham*, 2013-Ohio-4727.]

IN THE COURT OF APPEALS OF OHIO

SECOND APPELLATE DISTRICT

GREENE    COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | Appellate Case No. 2012-CA-68 |
| | : | |
| Plaintiff-Appellee | : | Trial Court Case Nos. CRB1100923 |
| | : | CRB1200396 |
| v. | : | CRB1201108 |
| | : | |
| CELIA D. GRAHAM | : | (Criminal Appeal from |
| | : | Fairborn Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of October, 2013.

. . . . . . . . . . .

BETSY A. DEEDS, Atty. Reg. #0076747, Fairborn Prosecutor's Office, 510 West Main Street, Fairborn, Ohio 45324

     Attorney for Plaintiff-Appellee

SCOTT N. BLAUVELT, Atty. Reg. #0068177, 246 High Street, Hamilton, Ohio 45011

     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

    **{¶ 1}**   This matter comes before us upon three delayed appeals filed by

defendant-appellant Celia D. Graham.

{¶ 2}    In Fairborn Municipal Court case number CRB 1201108, Graham appeals from her conviction and sentence on a misdemeanor theft charge. In Fairborn Municipal Court case number CRB 1200396, she appeals from the revocation of community control for a menacing conviction. In Fairborn Municipal Court case number CRB 1100923, she appeals from the revocation of community control for a protection-order violation. The trial court revoked community control in the latter two cases based upon Graham's conviction on the misdemeanor theft charge in case number CRB 1201108.

{¶ 3}    In her sole assignment of error in all three cases, Graham contends the trial court erred in imposing court costs as part of her sentence without advising her that a failure to pay may result in an order to perform community service. For its part, the State concedes that the trial court violated the applicable version of R.C. 2947.23(A)(1)(a) by neglecting to tell Graham she could be required to perform community service if she does not pay court costs. Both parties urge us to modify Graham's sentences to eliminate the possibility of her being required to perform community service.

{¶ 4}    Upon review, we decline to modify Graham's sentence in case number CRB 1200396 and case number CRB 1100923. As set forth above, she has filed a delayed appeal from the trial court's revocation of community control in those two cases. On July 5, 2013, this court *overruled* her motion to pursue a delayed appeal from the judgment entry of conviction in case number CRB 1200396 and case number CRB 1100923. Therefore, the only appeal before us in those cases involves the trial court's revocation of community control, not its initial imposition of court costs at the time of her original sentencing. Graham makes no argument that the trial court

erred in revoking community control. Therefore, the trial court's judgment entries revoking community control in case number CRB 1200396 and case number CRB 1100923 are affirmed.

{¶ 5} With regard to case number CRB 1201108, however, Graham has filed a delayed appeal from her conviction and sentence on a theft charge. The judgment entry of conviction includes a jail sentence, a fine, and court costs. Our review of the record confirms the trial court's failure to advise Graham that she may be required to perform community service if she fails to pay court costs. The State concedes that this omission by the trial court violated the version of R.C. 2947.23(A)(1) in effect at the time of her November 2012 sentencing.[1] As noted above, both parties urge us to modify the trial court's judgment to remove the possibility of community service if court costs are not paid. We previously have applied this remedy (1) where a remand for resentencing was impossible because the defendant's sentence had been served or (2) where such a remand would serve little purpose because of the defendant's lengthy prison sentence. *See*, *e.g.*, *State v. Blessing*, 2d Dist. Clark No. 2011 CA 56, 2013-Ohio-392, ¶15.

{¶ 6} Although Graham's sentence was not lengthy, her jail term appears to have been served. In light of that fact, and in recognition of the State's satisfaction with the remedy she proposes, the trial court's judgment in case number CRB 1201108 is hereby modified by eliminating any possibility or requirement that she perform community service in lieu of court costs. As so modified, the trial court's judgment in that case is affirmed. Consistent with this court's prior approach,[2] case number CRB 1201108 is remanded for the trial court to make

---

[1] We note that "[t]he statute currently provides that the failure to give this notice does not affect the court's ability to require community service and, effective March 22, 2013, the trial court is no longer required to give this notice to offenders who receive a prison sentence." *State v. Haney*, 2d Dist. Montgomery No. 25344, 2013-Ohio-1924, ¶21.

[2] *See*, *e.g.*, *State v. Parson*, 2d Dist. Montgomery No. 25123, 2013-Ohio-1069, ¶17.

whatever record of the modification it deems appropriate.

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Betsy A. Deeds
Scott N. Blauvelt
Hon. Beth W. Root