[Cite as *State v. Woods*, 2017-Ohio-7063.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 104285, 104581, 104694 and 104792**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEREK I. WOODS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-593750-A, CR-15-594291-A,
CR-14-589462-A and CR-14-589463-A

**BEFORE:** E.A. Gallagher, J., Keough, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** August 3, 2017

**ATTORNEY FOR APPELLANT**

Erin R. Flanagan, Esq.
75 Public Square, Suite 1325
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Marc Bullard
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

**{¶1}** In this consolidated appeal, defendant-appellant Derek Woods appeals the imposition of court costs as part of his sentences in four cases before the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm.

**{¶2}** Woods' sole assignment of error on appeal is that the trial court erred in assessing court costs against him in four criminal cases (CR-14-589462, CR-14-589463, CR-15-593750 and CR-15-594291) without complying with the notification requirements of R.C. 2947.23(A). Woods argues that the trial court erred in imposing court costs in each case without also informing him that his failure to pay the costs may result in the imposition of community service. We disagree.

**{¶3}** Woods cites a former version of R.C. 2947.23, which required a court to notify a defendant that the court may order a defendant to perform community service if a defendant fails to pay court costs. *See State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423, ¶ 10 (holding that the statutory language is clear; the "notice is mandatory and * * * a court is to provide this notice at sentencing"); *see also State v. Huber*, 8th Dist. Cuyahoga No. 98206, 2012-Ohio-6139.

**{¶4}** However, S.B. 337, effective September 28, 2012, amended R.C. 2947.23. The current version of R.C. 2947.23(A)(1) requires the court to notify the defendant that the court may order community service if the defendant fails to pay court costs only "[i]f the judge or magistrate imposes a community control sanction or other nonresidential sanction." *Id*. Thus, the current statute no longer requires such notification when a trial

court imposes a prison term as it did in each of Woods' consolidated cases here. *State v. Brock*, 8th Dist. Cuyahoga No. 104334, 2017-Ohio-97, ¶ 13; *State v. Cooper*, 8th Dist. Cuyahoga No. 104599, 2017-Ohio-970, ¶ 28-30.

{¶5} Therefore, the trial court did not err when it ordered Woods to pay court costs without notifying him of the consequences of a failure to pay such costs.

{¶6} Woods' sole assignment of error is overruled.

{¶7} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER,   JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY J. BOYLE, J., CONCUR