[Cite as *State v. Ysrael*, 2013-Ohio-1125.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-100622 |
| | | C-120263 |
| Plaintiff-Appellee, | : | TRIAL NO. B-0905094 |
| vs. | : | *O P I N I O N.* |
| ELIJAH YSRAEL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  March 27, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Christine Y. Jones*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1} Defendant-appellant Elijah Ysrael appeals the judgment of the trial court imposing court costs without notifying him that he could perform community service in lieu of paying court costs. For the reasons that follow, we reverse the trial court's judgment.

{¶2} In August 2010, the trial court found Elijah Ysrael guilty of trafficking and possession of cocaine, and sentenced him to four years in prison. In November 2011, this court affirmed the trial court's judgment, but remanded the cause for the limited purpose of imposing a mandatory fine. After the imposition of that fine, Ysrael again appealed. This court allowed Ysrael to reopen his 2010 appeal, and consolidated it with his second appeal. The initial appeal was reopened to allow counsel to present argument on whether the trial court properly informed Ysrael he could perform community service in lieu of paying court costs.

### *Community Service in Lieu of Court Costs*

{¶3} Ysrael's assignment of error asserts that the trial court erred to his prejudice by failing to notify him of the possibility that the court could order community service in lieu of paying his court costs. Under R.C. 2947.23(A)(1), if a court imposes court costs on a defendant as part of the judgment, the court must notify the defendant that he can perform community service in lieu of payment.

{¶4} If a trial court fails to notify the defendant of the possibility of court-ordered community service in lieu of paying costs, as required by R.C. 2947.23 (A)(1), the proper remedy is to vacate the imposition of costs and remand the case for proper community-service notification. *See State v. Dillard*, 1st Dist. No. C-120058, 2012-Ohio-4018, ¶ 8, citing *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423.

2

{¶5}    The trial court imposed court costs on Ysrael, but failed to notify him of the possibility of community service, as required by R.C. 2947.23(A)(1).   Ysrael's assignment of error is sustained, and we remand the matter to the trial court to properly notify Ysrael of the possibility of community service, as required by R.C. 2947.23(A)(1).

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J.,** and **FISCHER, J.**, concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.