[Cite as *State v. Philpot*, 2013-Ohio-4534.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                                   :

    Plaintiff-Appellee,                        :              CASE NO.   CA2013-02-009

                                                   :                    O P I N I O N
    - vs -                                                            10/14/2013

                                                   :

JAMES D. PHILPOT,                            :

    Defendant-Appellant.                  :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2011 CR 01012


D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 S. Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Madden & Oswall Co., L.P.A., Stephan D. Madden, 810 Sycamore Street, 5th Floor, Cincinnati, Ohio 45202, for defendant-appellant


**PIPER, J.**

{¶ 1}   Defendant-appellant, James Philpot, appeals his sentence in the Clermont County Court of Common Pleas after pleading guilty to two counts of burglary and two counts of breaking and entering.

{¶ 2}   Philpot and an accomplice broke into several homes and stole property including electronics, firearms, jewelry, televisions, chainsaws, and tools.  Police tied Philpot

to the crimes when his DNA was matched to a Mountain Dew bottle that was left outside one of the burglarized homes. Philpot's accomplice confessed to police that he and Philpot had stolen the property in order to support their drug habits.

{¶ 3} Philpot was charged with three counts of burglary, one count of attempted burglary, and eight counts of breaking and entering. In exchange for Philpot pleading guilty to two counts of burglary and two counts of breaking and entering, the state agreed to nolle the rest of the charges. The trial court sentenced Philpot to two years on each count of burglary and one year on each count of breaking and entering. The court ordered that Philpot serve the sentences consecutively, for an aggregate six-year sentence. Philpot now appeals his sentence, raising two assignments of error. Because the assignments of error are interrelated, we will address them together for ease of discussion.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED BY IMPOSING A SENTENCE THAT IS NOT SUPPORTED BY THE FINDINGS IN THE RECORD.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES.

{¶ 8} Philpot argues in his assignments of error that the trial court erred in sentencing him to a six-year aggregate sentence, and in ordering him to serve his sentences consecutively.

{¶ 9} "The standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences." *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6, quoting *State v. A.H.,* 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "the appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for

resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

{¶ 10} Instead, an appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or (2) "[t]hat the sentence is otherwise contrary to law." A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, and sentences appellant within the permissible statutory range. *Crawford* at ¶ 9; *State v. Elliott,* 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10.

{¶ 11} In making such a determination, it is "important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative." *Crawford* at ¶ 8, quoting *Venes,* 2013-Ohio-1891 at ¶ 21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* Instead, "it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Id.* Simply stated, the language in R.C. 2953.08(G)(2) establishes an "extremely deferential standard of review," as "the restriction is on the appellate court, not the trial judge." *Id.*

{¶ 12} After reviewing the record, we find the trial court's sentence is not clearly and convincingly contrary to law. The trial court very clearly stated that it had considered the purposes and principles of sentencing according to R.C. 2929.11 and balanced the seriousness and recidivism factors within R.C. 2929.12. The trial court reiterated the facts contained in Philpot's presentence investigation report, including Philpot's lengthy criminal history and inability to avoid criminal activity once released from prison. The court also considered Philpot's current crimes, and how such crimes impacted the victims, some of

whom were present when Philpot broke into their homes.

{¶ 13} The trial court sentenced Philpot to two years on the burglary charges, which were felonies of the third degree, and one year for the breaking and entering charges, which were felonies of the fifth degree. According to R.C. 2929.14(A)(3)(b) and (5), the sentences were within the statutory range. Having considered the purposes and principles of sentencing, and sentencing Philpot within the statutory range for his offenses, the trial court's sentence was not clearly and convincingly contrary to law.

{¶ 14} Nor was the consecutive nature of the sentence erroneous. According to 2929.14(C),

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 15} The trial court fulfilled the statutory duty to make findings before ordering consecutive sentences. During the sentencing hearing, the trial court expressly found that (1) consecutive sentences were necessary to protect the public from future crime and to

punish Philpot, and (2) that consecutive sentences were not disproportionate to the seriousness of Philpot's conduct and to the danger he poses to the public. In addition to these two findings, the trial court found that Philpot committed multiple offenses as part of a course of conduct and that the harm caused by each of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflected the seriousness of his conduct. The court also noted that given Philpot's extensive criminal history, consecutive sentences were necessary to protect the public from his future crime. These findings fulfilled the statutory requirements and are supported by the record.

{¶ 16} Having reviewed the record, the trial court's sentence of six years was not clearly and convincingly contrary to law, and the trial court made the requisite findings before ordering Philpot to serve consecutive sentences. Therefore, Philpot's assignments of error are overruled.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.