[Cite as *State v. Bailey*, 2013-Ohio-5512.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-130245 |
| | | C-130246 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1300413 |
| | | B-1200651 |
| vs. | : | |
| | | *O P I N I O N.* |
| JOSEPH BAILEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: December 18, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1}    Following the entry of guilty pleas to two counts of breaking and entering, the trial court sentenced defendant-appellant Joseph Bailey to community control in the case numbered B-1200651.  The trial court notified Bailey that he would be sentenced to a total of 24 months in prison if he violated his community control.  Six months later, Bailey was convicted of breaking and entering in the case numbered B-1300413.  The trial court imposed a 12-month prison term and ordered Bailey to pay court costs.  As a result of that conviction and other violations, the trial court revoked Bailey's community control in the earlier case and imposed consecutive 12-month prison terms for each of the two underlying offenses.  Those prison terms were ordered to be served consecutively to the sentence in the case numbered B-1300413, for an aggregate sentence of 36 months.  The trial court also imposed court costs.

{¶2}    Bailey now appeals both judgments, bringing forth two assignments of error challenging the imposition of his sentences.

{¶3}    In his first assignment of error, Bailey argues that the trial court erred by imposing consecutive, maximum prison terms for the three underlying offenses. We disagree.

{¶4}    Under the standard of review set forth in R.C. 2953.08(G)(2), we may only modify or vacate Bailey's sentence if we "clearly and convincingly find" that either (1) the record does not support the mandatory sentencing findings, or (2) that the sentence is "otherwise contrary to law." *State v. White*, 1st Dist. Hamilton No. C-130114, 2013-Ohio-4225, ¶ 11.  Here, the sentencing court made the appropriate statutory findings before imposing consecutive sentences and those findings are supported in the record.  *See* R.C. 2929.14(C)(4).  Further, we cannot say that

2

Bailey's sentences are clearly and convincingly contrary to law given that his sentences are within the permitted range for fifth-degree felonies, *see* R.C. 2929.14(A)(5), and when the sentencing court balanced Bailey's genuine remorse with his lengthy criminal history and his lack of previous success on community control. The first assignment of error is overruled.

{¶5}     Bailey, citing R.C. 2947.23(A)(1), contends in his second assignment of error that the trial court erred when it imposed court costs without notifying him that he may be required to perform community service in lieu of paying those costs. If Bailey had been sentenced for his crimes before March 22, 2013, when the prior version of R.C. 2947.23(A)(1) was in effect, his assignment would have merit. *See State v. Ysrael*, 1st Dist. Hamilton Nos. C-100622 and C-120263, 2013-Ohio-1125, and *State v. Dillard*, 1st Dist. Hamilton No. C-120058, 2012-Ohio-4018, ¶ 8. But Bailey was sentenced in April 2013, after R.C. 2947.23(A)(1) had been amended by 2012 Sub.H.B. No. 247. The current version of R.C. 2947.23(A)(1) requires that a defendant be notified that community service might be required for failure to pay court costs only when "the judge or magistrate imposes a community control sanction or other nonresidential sanction." *See State v. Gates*, 11th Dist. Portage No. 2011-P-0001, 2013-Ohio-4284, fn. 1.

{¶6}     Here, Bailey's judgment included a prison term and court costs. Because Bailey was sentenced to a prison term rather than community control or any other nonresidential sanction, the trial court was not required to notify Bailey that he might be required to perform community service in lieu of paying court costs. R.C. 2947.23(A)(1); *see State v. Raymond,* 8th Dist. Cuyahoga No. 99177, 2013-Ohio-3144, ¶ 14.

3

{¶7}    Accordingly, the second assignment of error is overruled, and the judgments of the trial court are affirmed.

Judgments affirmed.

**HENDON**, **P.J.**, and **DEWINE**, **J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.