[Cite as *State v. Lane*, 2014-Ohio-562.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-05-074 |
| | : | O P I N I O N |
| - vs - | | 2/18/2014 |
| | : | |
| MARK ANTHONY LANE, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-10-1613

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

John T. Willard, P.O. Box 35, Hamilton, Ohio 45012, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Mark A. Lane, appeals his sentence in the Butler County Court of Common Pleas for aggravated burglary and felonious assault. For the reasons stated below, we affirm the decision of the trial court.

{¶ 2} In the early morning hours of September 11, 2012, Lane broke a window at the residence of his former girlfriend, Tammy Hays, and entered the structure without her permission. Lane entered the residence with a firearm and intended to commit an assault or

a felonious assault therein. During this time, Hays and another individual were present in the home. After Lane had broken into the home, he shot Hays with the firearm.

{¶ 3} On October 24, 2012, Lane was indicted on two counts of aggravated burglary in violation of R.C. 2911.11(A)(1) and (2) and two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (2). All four counts also contained a firearm specification pursuant to R.C. 2941.14. Subsequently, Lane pled guilty to one count of aggravated burglary in violation of R.C. 2911.11(A)(2) and one count of felonious assault in violation of R.C. 2903.11(A)(2) as well as two specifications.

{¶ 4} On April 12, 2013, the trial court held a sentencing hearing. At the hearing, Lane argued the aggravated burglary and felonious assault convictions should be merged because they were allied offenses of similar import. In mitigation, Lane stated that he and Hays had recently ended their relationship and that he entered into her home to retrieve his belongings that she refused to return to him. The court rejected Lane's allied offenses argument and sentenced him for a period of six years in regards to the aggravated burglary and a period of eight years for the felonious assault. Lane was also sentenced to one year for each of the two firearm specifications. The trial court ordered the specification charges to be served concurrently to each other, but ordered all other sentences to be consecutive, totaling a 15-year sentence for Lane. The court also entered a judgment against Lane for the costs of prosecution.

{¶ 5} Lane now appeals, assigning three assignments of error:

{¶ 6} Assignment of Error No. 1

{¶ 7} IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT IN THE INSTANT CASE TO REFUSE TO MERGE THE CHARGE OF AGGRAVATED BURGLARY WITH AGGRAVATED ASSAULT AS REQUIRED BY R.C. 2941.25 AT SENTENCING.

{¶ 8} Lane argues that the trial court erred when it declined to merge the aggravated burglary conviction with the felonious assault conviction as the offenses were committed with the same conduct and same animus. First, Lane argues that both offenses were committed with the same conduct because an element of his aggravated burglary conviction was that he inflict physical harm on another. Therefore, the aggravated burglary offense was not completed until he shot Hays and this act also constituted the felonious assault. Second, Lane maintains both convictions were committed with the same animus because Lane's purpose in committing the aggravated burglary was to feloniously assault Hays.

{¶ 9} The Double Jeopardy Clause of the United States Constitution prohibits multiple punishments for the same offense. To that end, the Ohio General Assembly enacted R.C. 2941.25, Ohio's multiple-count statute, "which subjects 'allied offenses of similar import' to the judicial concept of 'merger' at sentencing." *State v. Highfield*, 12th Dist. Brown No. CA2013-05-007, 2014-Ohio-165, ¶ 6, citing *State v. Grube*, 4th Dist. Gallia No. 12CA7, 2013-Ohio-692, ¶ 45. Specifically, R.C. 2941.25 provides that:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} The Ohio Supreme Court has set forth a test to determine whether offenses are allied offenses of similar import pursuant to R.C. 2941.25. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. Pursuant to the *Johnson* test, courts must first determine "whether it is possible to commit one offense *and* commit the other with the same conduct." (Emphasis sic.) *Johnson* at ¶ 48. It is not necessary that the commission of one offense will always

- 3 -

result in the commission of the other. *Id.* Rather, the question is simply whether it is possible for both offenses to be committed by the same conduct. *Id.*

{¶ 11} If it is possible to commit both offenses with the same conduct, courts must next determine whether the offenses were in fact committed by the same conduct, that is, by a single act, performed with a single state of mind. *Id.* at ¶ 49. If so, the offenses are allied offenses of similar import and must be merged. *Id.* at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. *Id.* at ¶ 51.

{¶ 12} "Animus" is defined for purposes of R.C. 2941.25(B) as "'purpose' or 'more properly, immediate motive.'" *State v. Lewis*, 12th Dist. Clinton No. CA2008-10-045, 2012-Ohio-885, ¶ 13, quoting *State v. Logan*, 60 Ohio St.2d 126, 131 (1979). "If the defendant acted with the same purpose, intent, or motive in both instances, the animus is identical for both offenses." *Lewis* at ¶ 13. Animus is often difficult to prove directly, but must be inferred from the surrounding circumstances. *State v. Lung*, 12th Dist. Brown No. CA2012-03-004, 2012-Ohio-5352, ¶ 12.

{¶ 13} An appellate court applies a de novo standard of review in reviewing a trial court's R.C. 2941.25 merger determination. *State v. Tannreuther*, 12th Dist. Butler No. CA2013-04-062, 2014-Ohio-74, ¶ 12, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28. "The defendant bears the burden of establishing his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act." *Tannreuther* at ¶ 12.

{¶ 14} Lane pled guilty and was convicted of aggravated burglary in violation of R.C. 2911.11(A)(2), which provides in pertinent part,

> (A) No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in

the structure * * * any criminal offense if any of the following apply:

(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.

Lane was also convicted of felonious assault, in violation of R.C. 2903.11(A)(2) which provides, "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

{¶ 15} Lane's aggravated burglary and felonious assault convictions are not allied offenses of similar import because the offenses were committed separately and with a separate animus. Lane incorrectly states that he was convicted of aggravated burglary in violation R.C. 2911.11(A)(1), which requires as an element of the offense that the offender inflicts physical harm on another. Instead, Lane was convicted of aggravated burglary in violation of R.C. 2911.11(A)(2), which requires only that he enter an occupied residence with purpose to commit a criminal offense with a deadly weapon.

{¶ 16} The aggravated burglary was committed when Lane forced his way into Hays' residence by breaking a window with the intent to commit an assault while carrying a deadly weapon. To commit aggravated burglary, one does not have to actually commit any criminal offense; rather Lane simply had to trespass with the purpose to commit a criminal offense. Therefore, once inside the residence, with the requisite intent and weapon, the aggravated burglary was completed. The felonious assault did not occur until later when Lane had entered the home and encountered Hays. It was only at this time, that Lane completed the felonious assault offense, by shooting Hays in the leg, causing her physical harm. Consequently, "[b]ecause one offense was completed before the other offense occurred, the two offenses were committed separately for purposes of R.C. 2941.25(B) notwithstanding their proximity in time and that one was committed in order to commit the other." *State v. DeWitt*, 2d Dist. Montgomery No. 24437, 2012-Ohio-635, ¶ 33, quoting *State v. Turner*, 2d

- 5 -

Dist. Montgomery No. 24421, 2011-Ohio-6714. *See State v. Ragland*, 5th Dist. Stark No. 2010CA00023, 2011-Ohio-2245, ¶ 80.

{¶ 17} Lane's first assignment of error is overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} IT WAS ERROR TO SENTENCE [LANE] TO CONSECUTIVE SENTENCES IN THE INSTANT CASE.

{¶ 20} Lane argues the trial court erred in imposing consecutive sentences because it did not correctly follow the consecutive sentence criteria set forth in R.C. 2929.14. Lane further asserts that in imposing the sentence the court did not consider the principles and purposes of felony sentencing under R.C. 2929.11 and did not consider the seriousness and recidivism factors under R.C. 2929.12. Specifically, Lane maintains that the offenses were less serious because Hays provoked him when she refused to return his belongings.

{¶ 21} The standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, such as the case here, "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

{¶ 22} Rather, the appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law."

A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *Crawford* at ¶ 9; *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10.

{¶ 23} In making such a determination, it is "important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative." *Crawford* at ¶ 8, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891 at ¶ 21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* Quite the contrary, "it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Id.* Simply stated, the language in R.C. 2953.08(G)(2) establishes an "extremely deferential standard of review" for "the restriction is on the appellate court, not the trial judge." *Id.*

{¶ 24} Pursuant to R.C. 2929.14(C), in order to impose a consecutive sentence, the trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences pursuant to R.C. 2929.14(C)(4). *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. *Id.* Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part

of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*; R.C. 2929.14(C)(4).

{¶ 25} The trial court is not required to give reasons explaining these findings, nor is the court required to recite any "magic" or "talismanic" words when imposing consecutive sentences. *State v. Williams*, 12th Dist. Warren No. CA2012-08-080, 2013-Ohio-3410, ¶ 45. However, it must be clear from the record that the trial court actually made the required statutory findings. *Id.*

{¶ 26} Prior to sentencing Lane to consecutive sentences, the trial court discussed the seriousness of Lane's conduct. It stated that Lane "caused great physical harm to [Hays]" and emotional suffering. At the time of the sentencing, Hays still was dealing with the aftermath of the shooting because a bullet fragment remained lodged in her body. The court also noted that Hays could have easily died from the assault because "it appears that [the bullet] hit an artery, one of the main arteries, that she could [have] bled out." Additionally, the court stated that it had reviewed Lane's record and that he has had "six prior convictions as an adult," "two violent offenses," as a result of these convictions he has had nine parole violations, he has an outstanding warrant in Kentucky, and he has previously been to prison.

{¶ 27} In light of these facts, the court determined that Lane's sentences for aggravated burglary, felonious assault, and one of his gun specifications charges should be served consecutively. The court noted that in imposing the consecutive sentences it has considered the principles and purposes of the sentencing statutes. Specifically, the court stated:

The Court finds that the consecutive sentences are necessary to protect the public from future crime and is necessary to punish the offender.

Further, this Court finds that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

And also this Court finds that two - - the two offenses were committed as part of one or more course of conduct, and the harm caused by two or more of the offenses was so great and unusual that no single prison term can adequately reflect the seriousness of the offender's conduct. And also this Court finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by this offender.

These findings were later memorialized in the trial court's sentencing entry.

**{¶ 28}** From the trial court's statements at the sentencing hearing and the language utilized in the sentencing entry, it is clear that the trial court properly complied with the dictates of R.C. 2929.14(C)(4). *See State v. Philpot*, 12th Dist. Clermont No. CA2013-02-009, 2013-Ohio-4534, ¶ 15. Therefore, the trial court did not err in imposing consecutive sentences in this matter.

**{¶ 29}** We also disagree with Lane's contention that his sentence was in error because the trial court did not properly consider the principles and purposes of felony sentencing under R.C. 2929.11 or weigh the seriousness and recidivism factors under R.C. 2929.12. The sentencing entry specifically states that the trial court considered "the principles and purposes of sentencing under [R.C.] 2929.11 and has balanced the seriousness and recidivism factors of [R.C.] 2929.12." At the hearing, the court considered the serious nature of the offenses, Lane's criminal history, and rejected Lane's explanation that his actions were justified because Hays refused to return his belongings. The fact that the trial court chose to weigh the various sentencing factors differently than how Lane would have weighed them is not sufficient to establish an abuse of discretion. *State v. Paul*, 12th Dist. Fayette No.

CA2011-10-026, 2012-Ohio-3205, ¶ 29. Therefore, because our standard of review is now a higher, clear and convincing standard, the trial court certainly did not err by considering the factors and purposes and principles of sentencing and placing its own emphasis on some of those factors.

{¶ 30} In light of the foregoing, we find that the trial court did not err in sentencing Lane to an aggregate 15-year prison term for aggravated burglary, felonious assault, and two firearm specifications. Lane's second assignment of error is overruled.

{¶ 31} Assignment of Error No. 3:

{¶ 32} IT WAS ERROR FOR THE TRIAL COURT TO NEGLECT TO ADVISE THE DEFENDANT/APPELLANT WHEN COURT COSTS WERE IMPOSED, THAT THE COSTS INCLUDED JURY FEES AND THAT FAILURE TO PAY SAID COSTS COULD RESULT IN THE IMPOSITION OF COMMUNITY SERVICE TO PAY THE SAME AT THE RATE NOT TO EXCEED 40 HOURS PER MONTH.

{¶ 33} Lane contends that the trial court erred when it imposed court costs without notifying him that failing to pay the costs may result in an order to perform community service. Citing this court's decision in *State v. Weathers*, 12th Dist. Butler No. CA2012-02-036, 2013-Ohio-1104, Lane maintains that due to this notification failure, the portion of the trial court's judgment imposing court costs must be reversed and the cause must be remanded for the proper imposition of court costs in accordance with R.C. 2947.23(A)(1).

{¶ 34} In *Weathers*, this court found that under the version of R.C. 2947.23(A)(1) in effect at the time of the defendant's sentencing, the trial court erred when it "imposed court costs during the resentencing hearing but failed to advise [defendant] that court costs included jury fees and that, should appellant fail to pay the costs, he could be ordered to perform community service." *Id.* at ¶ 20. *See State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, ¶ 10. Under these circumstances, the proper remedy is to "reverse that portion of

the trial court's judgment imposing court costs, affirm the remainder of the trial court's judgment, and remand the matter to the trial court for proper imposition of court costs in accordance with R.C. 2947.23(A)(1)." *Weathers* at ¶ 25.

{¶ 35} Since our decision in *Weathers*, R.C. 2947.23 has been modified to provide,

> (A)(1)(a) In all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under [R.C.] 2947.23, and render a judgment against the defendant for such costs. *If the judge or magistrate imposes a community control sanction or other nonresidential sanction, the judge or magistrate, when imposing the sanction*, shall notify the defendant of both of the following:
>
> (i) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service * * *.
>
> (ii) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

(Emphasis added.)

{¶ 36} The statute has also been amended regarding the effect of failing to notify a defendant of the possibility of performing community service to pay these costs.

> The failure of a judge or magistrate to notify the defendant pursuant to division (A)(1)(a) of this section does not negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment described in that division or to timely make payments toward that judgment under an approved payment plan.

R.C. 2947.23(A)(1)(b).

{¶ 37} Lane was sentenced after R.C. 2947.23 was amended and therefore he is under the current version of the statute. Lane's sentence included a prison term and court costs. Because Lane was sentenced to a prison term rather than community control or any other nonresidential sanction, the trial court was not required to notify Lane that he might be

required to perform community service in lieu of paying court costs. *See State v. Bailey*, 1st Dist. Hamilton Nos. C-130245 and C-130246, 2013-Ohio-5512, ¶ 6; *State v. Accoriniti*, 12th Dist. Butler Nos. CA2012-10-205 and CA2012-11-221, 2013-Ohio-4429, fn 1. Additionally, even if the trial court had sentenced Lane to a community control sanction and failed to notify him that he could be ordered to perform community service in lieu of paying court costs, this would not affect the ability of the court to require Lane to perform community service.

{¶ 38} Lane's third assignment of error is overruled.

{¶ 39} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.