[Cite as *State v. Williams*, 2018-Ohio-4261.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-02-030 |
| | : | O P I N I O N |
| - vs - | | 10/22/2018 |
| | : | |
| NATHAN A. WILLIAMS, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-08-1495


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, OH 45011, for plaintiff-appellee

Scott N. Blauvelt, 315 South Monument Ave., Hamilton, OH 45011, for defendant-appellant


**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Nathan A. Williams, appeals from his conviction in the Butler County Court of Common Pleas after he pled guilty to single counts of aggravated burglary and kidnapping. For the reasons outlined below, we affirm.

{¶ 2} On September 13, 2017, the Butler County Grand Jury returned a multiple-count indictment charging Williams with, among other offenses, aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony, and kidnapping in violation of R.C.

2905.01(A)(2), a second-degree felony. Both charges also included a one-year firearm specification pursuant to R.C. 2941.141.

{¶ 3} The charges arose after Williams and an accomplice forced their way into an apartment while wearing ski masks and brandishing firearms with the intent to commit a theft offense therein; specifically, to steal money and valuable personal property from the apartment's tenants. Once inside, Williams and his accomplice threatened at gunpoint the two individuals located inside, an eight-year-old girl and her 20-year-old aunt. Upon confronting the girl and her aunt, Williams and his accomplice, while still wearing ski masks and brandishing firearms, then duct taped the two victims to a chair, ransacked the apartment, took into their possession money and valuable personal property located therein, and fled from the scene.

{¶ 4} On November 30, 2017, Williams entered into a plea agreement and pled guilty to the above-named offenses, as well as the accompanying one-year firearm specification, in exchange for the remaining charges against him being dismissed. After conducting the necessary Crim.R. 11 plea colloquy, and upon Williams waiving the reading of a statement of facts by the state, the trial court accepted Williams' guilty plea upon finding he entered his plea knowingly, intelligently, and voluntarily. The trial court then scheduled the matter for a sentencing hearing.

{¶ 5} Prior to sentencing, Williams filed a sentencing memorandum arguing the offenses of aggravated burglary and kidnapping were allied offenses of similar import that should be merged for purposes of sentencing. After hearing arguments from both parties, the trial court disagreed with Williams' claim upon finding that "it's clear to me that the conduct shows that the offenses were committed separately." The trial court then sentenced Williams to serve a total of 11 years in prison and notified Williams that he would be subject to a mandatory five-year postrelease control term. Williams now appeals from

the trial court's decision, raising the following single assignment of error for review.

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ENTERING JUDGMENTS OF CONVICTION ON ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 7} In his single assignment of error, Williams argues the trial court erred by failing to find the offenses of aggravated burglary and kidnapping were allied offenses of similar import subject to merger for purposes of sentencing. We disagree.

{¶ 8} Pursuant to R.C. 2941.25, Ohio's multiple-count statute, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Brown*, 186 Ohio App.3d 437, 2010-Ohio-324, ¶ 7 (12th Dist.). Specifically, R.C. 2941.25 states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 9} As instructed by the Ohio Supreme Court, in determining whether offenses are allied offenses of similar import "courts must evaluate three separate factors – the conduct, the animus, and the import." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph one of the syllabus. In conducting this analysis, if any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance, in other words, each offense caused separate, identifiable harm; (2) the offenses were committed separately; and (3) the offenses were committed with separate animus or motivation. *Id.* at ¶ 25. The application of this test "'may result in varying results for the same set of offenses in different

- 3 -

cases. But different results are permissible, given that the statute instructs courts to examine a defendant's conduct – an inherently subjective determination.'" *Id.* at ¶ 32, quoting *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 52. This court applies a de novo standard of review in reviewing a trial court's decision as to whether offenses are allied offenses of similar import subject to merger. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28.

{¶ 10} As noted above, Williams pled guilty and was convicted of aggravated burglary in violation of R.C. 2911.11(A)(1) and kidnapping in violation of R.C. 2905.01(A)(2). As it relates to the charged offense of aggravated burglary, pursuant to R.C. 2911.11(A)(1), no person, by force, stealth, or deception shall trespass in an occupied structure when another person other than an accomplice of the offender is present, with the purpose to commit in the structure any criminal offense, during which time the offender inflicts, or attempts or threatens to inflict physical harm on another. On the other hand, as it relates to a charged offense of kidnapping, pursuant to R.C. 2905.01(A)(2), no person, by force, threat, or deception shall restrain the liberty of another person to facilitate the commission of any felony or flight thereafter.

{¶ 11} Williams argues the offenses of aggravated burglary and kidnapping are allied offenses subject to merger since any restraint to the victims that occurred by duct taping them to a chair was "incidental and directly related to" the completion of the aggravated burglary offense. However, although close in time, the record firmly establishes that each of the two offenses at issue, aggravated burglary and kidnapping, were committed separately with separate and identifiable harm to the victims, thereby rendering the offenses of dissimilar import. This is because, as noted by the Ohio Supreme Court, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that

results from each offense is separate and identifiable." *Ruff*, 2015-Ohio-995 at ¶ 26.

{¶ 12} In this case, as it relates to the aggravated burglary offense, the crime was complete once Williams and his accomplice forced their way into the apartment while wearing a ski masks and brandishing firearms with the intent to commit a theft offense therein; specifically, to steal money and valuable personal property from the apartment's tenants, during which Williams and his accomplice threatened physical harm to the two victims located inside. *See e.g., State v. McFarland*, 8th Dist. Cuyahoga No. 105570, 2018-Ohio-2067, ¶ 47 ("aggravated burglary occurred when the defendants entered the apartment complex with the intent to harm" the victim). Thereafter, as it relates to the kidnapping offense, Williams and his accomplice, while still wearing ski masks and brandishing firearms, then duct taped the victims to a chair in order to further their efforts in stealing money and valuable personal property from the apartment's tenants and subsequently fleeing the scene. Williams' conduct in duct taping the two victims to a chair was therefore not "incidental and directly related to" the completion of the aggravated burglary offense as Williams suggests.

{¶ 13} "As we have previously recognized, if one offense is completed before the other begins, the offenses are considered separately for sentencing purposes even though the two offenses may have been committed in close proximity in time." *State v. Fields*, 12th Dist. Clermont No. CA2014-03-025, 2015-Ohio-1345, ¶ 18, citing *State v. Lane*, 12th Dist. Butler No. CA2013-05-074, 2014-Ohio-562, ¶ 16. That is clearly the case here for, as the state aptly notes, "[t]he physical and emotional risk from being 'duct-taped' to a chair, for an unknown period of time, is separate, distinct, and identifiable from the risk imposed when masked men enter a home waving guns – for the purpose of committing a theft offense." We agree with the state's contention.

{¶ 14} In light of the foregoing, and based on the facts and circumstances of this

case, because the two offenses were committed separately and created a separate and identifiable harm to the victims, the trial court did not err by failing to merge Williams' conviction for aggravated burglary and kidnapping as those offenses were not allied offenses of similar import subject to merger. Therefore, finding no merit to Williams' arguments raised herein, Williams' single assignment of error is overruled.

{¶ 15} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.