[Cite as *State v. Slamka*, **2019-Ohio-3317.**]


IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-10-200 |
| | : | O P I N I O N |
| - vs - | | 8/19/2019 |
| | : | |
| KEITH RANDALL SLAMKA, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-06-0983


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 South Second Street, #305, Hamilton, Ohio 45011, for appellant


**HENDRICKSON, P.J.**

{¶ 1}   Appellant, Keith Randall Slamka, appeals from the sentence he received in the Butler County Court of Common Pleas for two counts of theft.  For the reasons discussed below, we affirm appellant's sentence.

{¶ 2}   In June 2018, appellant was indicted on two counts of theft in violation of R.C. 2913.02(A)(1), (B)(2), felonies of the fifth degree, one count of misuse of credit cards in

violation of R.C. 2913.21(B)(2), a felony of the fifth degree, and one count of petty theft in violation of R.C. 2913.02(A)(1), (B)(2), a misdemeanor of the first degree. According to the bill of particulars, the charges arose from appellant's conduct on April 19, 2018 and April 20, 2018. Appellant was charged with stealing lawn equipment, household items, and a credit card from M.C. Appellant then used the credit card to withdraw over $2,000 from ATM machines and to charge over $1,500 of goods and services without M.C.'s permission.

{¶ 3} On September 13, 2018, following plea negotiations, appellant pled guilty to two counts of theft in exchange for the remaining counts being dismissed. At the plea hearing, the state explained the differences between the two theft counts, stating: "Count I is stealing the credit card; Count II is withdrawing money from the ATM machine with the stolen card." The trial court accepted appellant's guilty plea, set the matter for sentencing on October 18, 2018, and ordered that a presentence investigative ("PSI") report be prepared. The court also informed the parties that the issue of whether the two theft offenses were allied offenses would be "talk[ed] about * * * when we come back for the sentencing."

{¶ 4} However, the issue of allied offenses was never discussed at the sentencing hearing. Instead, the trial court heard from defense counsel and appellant in mitigation and allocution before imposing a sentence on appellant. Defense counsel acknowledged appellant had served a prior prison term and had "drug and alcohol issues," which included the use of heroin and multiple OVI convictions, but counsel nonetheless contended appellant was contrite and had taken responsibility for his actions. Counsel stated appellant had obtained his G.E.D. and had the ability to work, and counsel requested that the court consider imposing community control sanctions rather than a prison term. Appellant acknowledged that he had "bit the hand off that's feeding [him]" when he stole from M.C., as M.C. had been providing him with a place to live and with money for doing certain jobs for her. Appellant stated that he "regret[ted] what [he] done" and wanted "a chance to get out on

community control, [see] how things would work; get out and do the right thing."

**{¶ 5}** After reviewing the PSI and victim impact statement and considering the information presented at the sentencing hearing, the trial court determined that community control was not an appropriate sanction and that a prison term was warranted. The trial court stated its intent to impose nine-month prison terms on each theft offense, to be served consecutively for an aggregate prison term of 18 months. The court made the necessary consecutive sentencing findings, informed appellant that he may be subject to a three-year optional period of postrelease control upon his release from prison, and ordered appellant to pay court costs and $1,047.48 in restitution to M.C.

**{¶ 6}** However, after the court first announced its sentence, the following discussion occurred:

> THE COURT: Defendant will be held in Butler County Jail until he can be transported to prison. Good luck to you, Mr. Slamka.
>
> [APPELLANT]: Uh-huh.
>
> THE COURT: And he struts out of the courtroom.
>
> [APPELLANT]: Make you feel good to give us (sic) that much.
>
> THE COURT: Oh, hang on, I've got to rethink this a little bit. Mr. Slamka wants to mouth off and make a scene here.
>
> Mr. Slamka, your attorney is still present; what is it you wanted to share with the Court?
>
> [APPELLANT]: No, I just think it's crazy getting 18 months for this. (Indiscernible) people selling drugs get less time than (indiscernible).
>
> THE COURT: I see. Well, I would say this: I think your comments are reflective of someone who has absolutely no remorse or insight into the wrongfulness of your actions. And after additional consideration, the Court is inclined to modify your sentence. Before I do so, does counsel wish to be heard?
>
> [DEFENSE COUNSEL]: Judge, I think that – I know the Court's had ample time and careful consideration prior to the sentence

that had just been handed out, I'd ask – I think that it's probably most appropriate to let the sentence that the Court just rendered stand, as opposed to being modified at this time.

THE COURT: Thank you. Mr. Slamka, is there anything else you wish to bring to my attention?

[APPELLANT]: No.

THE COURT: Oh, all right. State have anything further?

[PROSECUTOR]: No, Your Honor, thank you.

THE COURT: After careful consideration, the Court will find a more appropriate sentence is 12 months on Count I, 12 months on Count II. They run consecutive, that's 24 months in prison. All the same warnings and information I previously gave you apply, as well as the consecutive findings.

{¶ 7} At defense counsel's request, the trial court noted appellant's objection to the imposition of maximum, consecutive sentences. Thereafter, the trial court issued its Judgment of Conviction Entry, which imposed consecutive 12-month prison terms for appellant's theft offenses.

{¶ 8} Appellant appealed his sentence, raising two assignments of error.

{¶ 9} Assignment of Error No 1:

{¶ 10} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT IMPOSED A SECOND, HARSHER SENTENCE THAN ORIGINALLY CONTEMPLATED.

{¶ 11} In his first assignment of error, appellant challenges his sentence, arguing that the "imposition of a harsher, maximum sentence than what was originally contemplated by the trial judge was not clearly and convincingly supported by the record and defied the purposes and principles of sentencing under R.C. 2929.11 and 2929.12."

{¶ 12} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford,* 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-

3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers,* 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8; *State v. Julious,* 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg,* 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 13} A trial court has discretion to impose a prison term on an offender who pleads guilty to a fifth-degree felony that is not an offense of violence if the offender "at the time of the offense was serving, or the offender previously had served, a prison term." R.C. 2929.13(B)(1)(b)(x). "[I]n determining whether to impose a prison term as a sanction for a felony of the * * * fifth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." R.C. 2929.13(B)(2).

{¶ 14} The purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. Former R.C. 2929.11(A).[1] A felony sentence must

---

1. After appellant was sentenced on October 18, 2018, R.C. 2929.11 was amended. *See* 2018 Am.Sub.S.B. 66 (effective Oct. 29, 2018). The amendment added a third purpose of felony sentencing – "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A).

be reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Former R.C. 2929.11(B). In sentencing a defendant, a trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 12. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider any relevant factors in imposing a sentence. *State v. Birt,* 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379, ¶ 64.

{¶ 15} After a thorough review of the record, we find no error in the trial court's decision to sentence appellant to 12 months in prison for each of his fifth-degree felony theft offenses. The record plainly reveals that appellant's sentence is not clearly and convincingly contrary to law as appellant served a prior prison term, as contemplated by R.C. 2929.13(B)(1)(b)(x), and the court properly considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, informed appellant he may be subject to up to three years of postrelease control upon his release from prison, and sentenced appellant within the permissible statutory range for his fifth-degree felonies in accordance with R.C. 2929.14(A)(5).

{¶ 16} In both the court's sentencing entry and at the sentencing hearing, the trial court specifically stated it had "considered the purposes and principles of sentencing [and] weighed the recidivism and seriousness factors" before finding that appellant was not amenable to available community control sanctions and imposing a prison sentence. The court noted it had reviewed the PSI report, which detailed appellant's lengthy criminal history involving multiple convictions for OVI, petty theft, and disorderly conduct, as well as a

conviction for felony nonsupport of dependents. The court also discussed the fact that appellant's relationship with the victim facilitated the offense, noting that appellant had victimized the woman who gave him a place to live and provided him with money. The court stated, "the biggest problem here, [is] not that you've stumbled and fallen in the past, but [that] this woman [was] trying to help you and you take her rototiller, you take her power washer, you take whatever else. * * * I find that problematic."

{¶ 17} The court was also clearly troubled by appellant's lack of genuine remorse and insight into his behavior. Although appellant had acknowledged his wrongdoing by pleading guilty and stating that he "bit the hand off that's feeding [him]," appellant's comments that the contemplated 18-month prison sentence was "crazy" and was only given to "make [the judge] feel good" demonstrated appellant's failure to appreciate his actions. As appellant's statements were made before the conclusion of the sentencing hearing, the trial court was certainly entitled to consider these statements in ensuring the sentence it imposed complied with principles and purposes of felony sentencing. As the court noted, appellant's statements were "reflective of someone who has absolutely no remorse or insight into the wrongfulness of [his] actions." "Genuine remorse is one factor to be considered by the court when it makes its sentencing decision." *State v. Rehab*, 150 Ohio St.3d 152, 2017-Ohio-1401, ¶ 28, citing R.C. 2929.12(D)(5). The trial court's decision to therefore consider appellant's lack of genuine remorse and impose consecutive, 12-month prison terms under the facts presented in this case was appropriate.

{¶ 18} Appellant's argument that his criminal history, his relationship with the victim, and his lack of remorse do not support the 12-month sentences imposed on each theft offense are without merit. As this court has previously recognized, it is "[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v. Steger*, 12th Dist. Butler No.

CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence. The trial court clearly considered and balanced the factors in R.C. 2929.12, and the record supports the trial court's decision to impose 12-month prison terms on each theft count.

{¶ 19} The record further supports the trial court's imposition of consecutive sentences. Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith,* 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *Smith* at ¶ 7.

{¶ 20} "In order to impose consecutive terms of imprisonment, a trial court is required

to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8. "A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings as required by R.C. 2929.14(C)(4)." *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 8.

{¶ 21} The record shows that the trial court made the requisite findings at the sentencing hearing and later memorialized the findings in its sentencing entry. Specifically, at the sentencing hearing, the court stated:

> [G]iven the circumstances of this case * * * the presumption as to concurrent sentences has been rebutted. The Court will find that consecutive sentences are necessary to adequately protect the public and to punish the defendant and are not disproportionate and will find that the defendant's criminal history shows that consecutive terms are not needed to adequately protect the public.

{¶ 22} Although the language the trial court used in making the consecutive sentence findings was not a word-for-word recitation of the language in the statute, such is not required. *State v. Alhashimi*, 12th Dist. Nos. CA2016-07-065 and CA2017-07-066, 2017-Ohio-7658, ¶ 67. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 2014-Ohio-3177 at ¶ 29.

{¶ 23} Here, the trial court engaged in the correct analysis and the record contains evidence supporting the court's findings under R.C. 2929.14(C)(4). As such, we find no error in the court's imposition of consecutive sentences. Appellant's first assignment of error is, therefore, overruled.

{¶ 24} Assignment of Error No. 2:

{¶ 25} THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF APPELLANT WHEN IT IMPOSED MULTIPLE SENTENCES FOR ALLIED OFFENSES.

{¶ 26} In his second assignment of error, appellant argues the trial court committed plain error when it failed to merge his two theft convictions as allied offenses of similar import. Appellant did not raise the issue of merger or argue that the offenses were allied at the sentencing hearing.

{¶ 27} Pursuant to R.C. 2941.25, Ohio's multiple-count statute, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Brown*, 186 Ohio App.3d 437, 2010-Ohio-324, ¶ 7 (12th Dist.). However, the "failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3.

{¶ 28} In determining whether offenses are allied and should be merged for sentencing, courts are instructed to consider three separate factors – the conduct, the animus, and the import. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph one of the syllabus. Offenses do not merge and a defendant may be convicted and sentenced for multiple offenses if *any* of the following are true: "(1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Id.* at paragraph three of the syllabus and ¶ 25. Two or more offenses of dissimilar import exist "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

{¶ 29} "At its heart, the allied-offense analysis is dependent upon the facts of a case

because R.C. 2941.25 focuses on the defendant's conduct." *Id.* at ¶ 26. "The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import." *Id.* The burden is on the defendant to establish "his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act." *State v. Lewis*, 12th Dist. Clinton No. CA2008-10-045, 2012-Ohio-885, ¶ 14.

{¶ 30} Appellant was convicted of two counts of theft in violation of R.C. 2913.02(A)(1), which provides that "[n]o person, with the purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent." Where the property stolen is a credit card or the value of the property is more than $1,000 but less than $7,500, the offense is a felony of the fifth degree. R.C. 2913.02(B)(2).

{¶ 31} The record in the present case demonstrates that appellant's two theft offenses are not allied offenses of similar import as the offenses were committed separately and involved different conduct. As the state indicated during the plea hearing, the first count of theft related to appellant stealing M.C.'s credit card, whereas the second count of theft related to appellant withdrawing money from ATM machines with the stolen credit card. The first theft offense was completed after appellant took M.C.'s credit card without consent on April 19, 2018. The second theft offense did not occur until later, when appellant used the credit card to obtain cash from ATM machines on April 19 and April 20, 2018. As we have previously recognized, "'[b]ecause one offense was completed before the other offense occurred, the two offenses were committed separately for purposes of R.C. 2941.25(B) notwithstanding their proximity in time and that one was committed in order to commit the other.'" *State v. Lane*, 12th Dist. Butler No. CA2013-05-074, 2014-Ohio-562, ¶ 16, quoting *State v. DeWitt*, 2d Dist. Montgomery No. 24437, 2012-Ohio-635, ¶ 33. Appellant's theft offenses are therefore not allied offenses of similar import, and the trial court did not commit

plain error in not merging the offenses.  Appellant's second assignment of error is overruled.

{¶ 32} Judgment affirmed.


S. POWELL and RINGLAND, JJ., concur.